THE STATE OF DELAWARE, for the use of EDGAR L. KINDER, County Treasurer of Sussex County, *vs.* JOSEPH W. BEACH.

PLEADING—AMENDMENT DURING TRIAL—ACTION ON BOND.

Under *Rev. Code* 1915, § 4170, preventing denial of signature in action on a bond unless defendant files an affidavit of denial at the time of filing his plea or within such further time as the court shall allow, it is within the discretion of the court to allow such affidavit to be filed after the plea is filed, since such statute should be liberally construed.

(*April* 9, 1918.)

PENNEWILL, C. J., and RICE, J., sitting.
*Frank M. Jones* for plaintiff.
*Andrew J. Lynch* and *James M. Tunnell* for defendant.
Superior Court, Sussex County, April Term, 1918.

SUMMONS DEBT, No. 7, April Term, 1916.

Action by the State, for the use of Edgar L. Kinder, County Treasurer of Sussex County, against Joseph W. Beach. On defendant's motion to file affidavit denying signature after plea filed. Motion allowed.

Action by the State against surety on a tax collector's bond. After the case had been pleaded to issue and on the day preceding the trial, the defendant moved to file an affidavit, denying his signature to the bond sued on, under *Rev. Code* 1915, §4170. The plaintiff objected to the motion on the ground that it came too late, citing *Woolley on Del. Prac.* §484.

It was contended for defendant that the motion was within the discretion of the court and allowable within the terms of the statute.

PENNEWILL, C. J.:—It is admitted that the granting of defendant's motion is within the discretion of the court, and this is entirely consistent with the statute, which says that the affidavit must be filed with the plea, "or within such further time as the court shall on motion allow."

In order to promote the trial of cases upon their merits the court are disposed to construe the statute liberally, and permit the filing of the affidavit after the plea is filed, unless it would place the plaintiff at a disadvantage at the trial. If it appears to the court that the plaintiff is unprepared to prove the signature because of defendant's failure to file the affidavits with his plea, and has not time before the trial to secure such evidence, the court may continue the case on plaintiff's application, and, if it is deemed proper, impose upon the defendant the costs of the term.

Motion allowed.